IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKUS CRAWFORD, # N-30639, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1096-MJR |
| | ) |
| N. CHEEKS, | ) |
| ASST. WARDEN HILLIARD, | ) |
| WARDEN MARTIN and | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a twenty year sentence for burglary. Plaintiff claims that Defendants have violated his constitutional protections against cruel and unusual punishment. Plaintiff complains generally of unsanitary conditions of kitchen and dining facilities at Shawnee including unclean food trays, and cross-contamination of food, trays, cafeteria counters and surfaces. The pleadings do not indicate any particular dates of violations, nor state in what manner any one defendant is responsible for the alleged unconstitutional conduct.

Plaintiff has written numerous grievances about the general unsanitariness of the conditions. He indicates that 2012 state audit records show that Shawnee's chow hall and materials passed inspection. Plaintiff concludes, without further elucidation, that this can only be due to a conspiracy of state auditors and prison officials.

1

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants Cheeks, Hilliard, Martin and Unknown Party for cruel and unusual punishment.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v.*

*Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Plaintiff is not being denied food or drink. His claims are limited to what he deems to be unsanitary chow hall conditions.

Even if Plaintiff were to pass the initial threshold and establish an objectively serious condition, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at

842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Here, Plaintiff has failed to link any defendant with any particular harmful activity.

Defendant Cheeks is a food service manager and Defendant Unknown Party is a food service supervisor. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff lists the Assistant Warden Hilliard and Warden Martin as Defendants in the caption of his complaint. However, the statement of claim does not include any allegations against either defendant. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, neither Defendant Hilliard nor Defendant Martin can be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison. As indicated above, the doctrine of *respondeat superior* does not apply to § 1983 actions. Plaintiff has not pleaded any facts showing either Defendant Hilliard or Defendant Martin to be personally responsible for any of the conditions that he believes are unconstitutional. These defendants shall be dismissed without prejudice.

**Pending Motions**

Plaintiff's Motion for Appointment of Counsel is **DENIED** as moot (Doc. 2).

The motion for a copy of the complaint in this matter is **DENIED** (Doc. 5). Copies of documents are mailed to litigants only upon prepayment of the $0.50 per page charge. *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees. Should Plaintiff wish to order a copy of the complaint in this case (Doc. 1), the fee shall be $7.00 for 14 pages.

**Disposition**

Plaintiff's allegations against Defendants for cruel and unusual punishment fail to state a claim upon which relief can be granted and are **DISMISSED** without prejudice. Defendants **CHEEKS, HILLIARD, MARTIN AND UNKNOWN PARTY** are dismissed without prejudice.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. §1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is advised that he has previously incurred three "strikes" under the provisions of **28 U.S.C. § 1915(g)** and this dismissal shall count as an additional "strike".

**IT IS SO ORDERED.**

**DATED: December 6, 2012**

s/ MICHAEL J. REAGAN_____
Michael J. Reagan
United States District Judge